# COURT OF APPEALS
## DECISION
## DATED AND FILED

## April 6, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP181-CR**

STATE OF WISCONSIN

Cir. Ct. No. **2017CF1009**

IN COURT OF APPEALS
DISTRICT III

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

LOREN A. CHRISTENSEN,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Brown County: TIMOTHY A. HINKFUSS, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Seidl, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Loren Christensen appeals from a judgment convicting him of multiple counts of possession of child pornography and from an

order denying his postconviction motion. Christensen contends he is entitled to resentencing—or, in the alternative, sentence modification—based upon an alleged inaccuracy in the information the State provided to the circuit court at sentencing about the number of pornographic images of children found on Christensen's electronic devices and storage drives. We conclude that the information provided to the court was not inaccurate and that additional information about the images found on Christensen's electronic devices and storage drives did not constitute a new sentencing factor. We therefore affirm.

## BACKGROUND

¶2 Christensen pled no contest to five counts of possession of child pornography in exchange for the dismissal of five additional counts that were read in. At the sentencing hearing, the State provided the circuit court with information about the offenses. It noted that law enforcement had seized a desktop computer and several external hard drives during the execution of a search warrant at Christensen's home. A sheriff's department forensic analyst inventoried the quantity of child pornography digitally stored on those devices.

¶3 According to the State, the analyst "ultimately located 108,927 visual images and videos of child pornography," as well as 766,119 "category two" images in which the subject's age could not be established with certainty or a child was depicted in an erotic manner but without nudity. The images had been organized into files rather than merely being downloaded and left on the computer. The State argued that the number of organized images recovered indicated that collecting child pornography was not just a pastime for Christensen; it "had to have been an absolute obsession."

¶4      In response, Christensen's attorney quoted a law enforcement report stating "at this time there are over 1,000 images and videos categorized as category one" and "over 5,000" category two images.  He argued that Christensen "clicked on different things" but that he was more interested in erotica than pornography.  He further argued that Christensen had other hobbies, and he did not dedicate all of his time looking at child pornography.

¶5      Addressing the nature and severity of the offenses, the circuit court observed that it had not previously been aware of the volume of recovered images.  The court stated:

> 108,000 child pictures.  766,000 of category two.  That is a lot.  That is just not someone that is clicking on a button accidently or without intent that sees images.  I mean, this is a whole lot.  And [the State] also made the point of the drives so you could—so you could categorize them and found [sic] them more easily.

The court added, "viewing of child pornography [is] a grievous, grievous crime.  It's terrible.  It's about as bad as you can get, in my opinion.  I mean, it's especially the number that you had, holy smokes, almost 800,000 photographs.  I mean, that's a lot."  After discussing other factors, the court imposed concurrent sentences of four years' initial confinement and seven years' extended supervision on each count.  The court cited the gravity of the offenses and the need to deter others from viewing child pornography as its primary considerations.

¶6      Christensen filed a postconviction motion seeking resentencing or sentence modification.  The motion focused on "the number of unique files the [S]tate argued were downloaded, organized, and subsequently discovered" on Christensen's computer and storage devices.  Christensen alleged "a significant portion of the files found on [his] computer are duplicates of one another, which

contradicts the [S]tate's argument that the 108,927 child pornography files and 766,119 category two files were all unique, individually downloaded, and organized." Christensen argued that the State's representations at sentencing regarding the number of images found on Christensen's devices and the amount of time Christensen spent downloading and reviewing child pornography were therefore inaccurate, and that the more detailed analysis he offered clarifying that many of the images were duplicative constituted a new sentencing factor.

¶7 Christensen did not hire his own forensic examiner and did not provide the circuit court with an exact number of unique images he claimed were located on his computer and hard drives. At the postconviction hearing, Christensen's attorney estimated that "at least half" of the child pornography images were duplicates, with a "ballpark" of 30,000 to 50,000 unique images. Christensen's attorney further noted that many of the images had been downloaded en masse through a file-sharing program called BitTorrent, so it was not a situation where Christensen had "clicked 108,000 individual times to download these images."

¶8 The State pointed out that it had not used the term "unique images" at the sentencing hearing, but it acknowledged that notion "was implied" and that it was "fair to consider that there may have been an error as to the total number of images." The State argued, however, that the substance of its sentencing argument remained the same—that Christensen was "regularly engaged in the download of child pornography at a massive amount."

¶9 The circuit court first rejected the premise that duplicate images should not be included in the total count of images. It did not matter to the court if Christensen had included the same picture in more than one file; he was still

organizing them all. The court next noted that it considered even 1,000 images to be "a lot." That number of images still would not have ended up on Christensen's computer accidentally and supported the court's view that Christensen had contributed to creating a market for child pornography. The court concluded that there was no inaccurate information or new factor warranting resentencing or sentence modification, and it denied the postconviction motion. Christensen now appeals.

## DISCUSSION

### 1. Inaccurate Information

¶10    A defendant has a constitutionally protected due process right to be sentenced upon accurate information. *State v. Tiepelman*, 2006 WI 66, ¶9, 291 Wis. 2d 179, 717 N.W.2d 1. If a defendant can establish by clear and convincing evidence both that inaccurate information was presented at sentencing and that the court relied upon the misinformation in reaching its determination, the burden shifts to the State to show that the error was harmless. *Id.*, ¶26. A defendant who has been sentenced on inaccurate information that cannot be shown to be harmless is entitled to be resentenced. *State v. Payette*, 2008 WI App 106, ¶¶45-46, 313 Wis. 2d 39, 756 N.W.2d 423. This court will independently review a due process claim that a defendant has been sentenced based upon inaccurate information. *Tiepelman*, 291 Wis. 2d 179, ¶9.

¶11    Christensen renews his argument that there were not 108,927 unique images of child pornography contained in the files on his computer and hard drives because an unspecified but "significant" portion of the images were duplicates. However, the State never stated at the sentencing hearing that all of the images of child pornography found on Christensen's computer were unique.

Christensen does not dispute that there were a total of 108,927 files containing child pornography on his computer and hard drives, just as the State said. At most, then, the information provided to the circuit court about the images was incomplete as to their individuality, not false as to their number.

¶12 We do not deem information to be "inaccurate" merely because it was incomplete. Rather, the defendant must demonstrate the information was "extensively and materially false." *State v. Travis*, 2013 WI 38, ¶18, 347 Wis. 2d 142, 832 N.W.2d 491. We conclude Christensen has failed to demonstrate by clear and convincing evidence that the information presented at his sentencing hearing about the number of child pornography images on his computer and hard drives was inaccurate within the meaning of *Tiepelman* and *Travis*. Therefore, the circuit court properly denied Christensen's motion for resentencing.

## 2. New Factor

¶13 A circuit court has ongoing inherent authority to modify a previously imposed sentence based upon a new factor. *State v. Crochiere*, 2004 WI 78, ¶12, 273 Wis. 2d 57, 681 N.W.2d 524, *abrogated by State v. Harbor*, 2011 WI 28, 333 Wis. 2d 53, 797 N.W.2d 828. A new sentencing factor is a fact or set of facts highly relevant to the imposition of sentence but not known to the circuit court at the time of sentencing, either because the fact was not then in existence or because it was unknowingly overlooked by all the parties. *Rosado v. State*, 70 Wis. 2d 280, 288, 234 N.W.2d 69 (1975).

¶14 A defendant bears the burden of establishing a new factor by clear and convincing evidence. *Harbor*, 333 Wis. 2d 53, ¶36. Whether a particular fact or set of facts constitutes a new factor is a question of law subject to our de novo review. *Id.*, ¶¶33, 36. However, whether a new factor warrants a modification of

sentence is a discretionary determination, on which we will defer to the circuit court. *Id.*, ¶¶33, 37. If this court determines that a fact or set of facts does not constitute a new factor as a matter of law, we need not examine the circuit court's exercise of discretion. *Id.*, ¶38. Conversely, if the circuit court has determined that a particular set of facts would not warrant sentence modification, we need not determine whether those facts constitute a new factor. *Id.*

¶15 Christensen contends the duplication of child pornography images among the files on his computer and hard drives constitutes a new sentencing factor because the circuit court emphasized the number of images found during its discussion of the nature and severity of the offense. The problem with this theory is that, even taking into account the duplication of images, Christensen acknowledged at the postconviction hearing that there were probably 30,000 to 50,000 unique child pornography images among the files. The significance the court placed on the large number of child pornography images in Christensen's possession applied equally whether Christensen had multiple copies of at least 30,000 images or over 100,000 distinct images. In fact, the court observed that it would have felt the same way about even 1,000 images. Based upon the existence of the number of images Christensen acknowledged, the court could still make the inferences that Christensen had not innocently or inadvertently downloaded the images, that he spent a significant amount of time viewing and organizing child pornography, and that he had contributed to the market demand for sexually exploiting children. We therefore conclude that the duplication of images was not highly relevant to the sentences imposed and it did not constitute a new factor warranting sentence modification.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2019-20).